UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

XAVIER LOVE,

    Petitioner,

v.                                                                   CASE NO: 8:05-CV-1199-T-30EAJ

SECRETARY, DEPARTMENT OF
CORRECTIONS, and ATTORNEY
GENERAL OF STATE OF FLORIDA,

    Respondents.
_____/

# ORDER

Petitioner, a State of Florida inmate proceeding *pro se*, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and challenges the validity of the 2000 first degree murder conviction entered against him in the Sixth Judicial Circuit Court, Pinellas County, Florida. (Dkt. #1.) Respondents filed a Response to the Petition (Dkt. #10), and Petitioner filed a Reply to the response and a Memorandum of Law (Dkt. #15). For the reasons explained below, the Court concludes that the Petition should be denied.

## BACKGROUND

On July 21, 1999, an indictment was issued charging Petitioner, Xavier Love (hereinafter referred to as "Petitioner"), with first degree murder. On June 1, 2000, Petitioner filed a motion to suppress statements he made to police. A hearing was held, but the state court ultimately denied the motion on June 30, 2000. Petitioner went to trial and a jury found

him guilty as charged. On December 21, 2000, the State court sentenced Petitioner to life in prison. Petitioner filed a timely direct appeal to the Second District Court of Appeal challenging the denial of his motion to suppress statements given to police. On November 1, 2002, the Court of Appeals affirmed Petitioner's conviction in a *per curiam* decision. *Love v. State*, 833 So. 2d 133 (Fla. 2d DCA 2002).

On July 8, 2003, Petitioner submitted an application for post-conviction relief pursuant to 3.850 of Florida's Rules of Criminal Procedure ("3.850 Motion") to the Marion Correctional Institution for mailing.[1] In his motion, Petitioner raised two claims for ineffective assistance of counsel based on counsel's failure to (1) obtain an independent autopsy of the victim, and a ballistics expert for the defense; and (2) challenge the accuracy, authenticity, and voluntariness of Petitioner's taped statement. On November 12, 2003, the state court denied Petitioner's motion. Petitioner appealed the denial, and on April 28, 2004, the Court of Appeals affirmed in a *per curiam* decision. *Love v. State*, 875 So. 2d 613 (Fla. 2d DCA 2004) [table]. The mandate was issued on May 25, 2004.

On November 12, 2004, Petitioner submitted a Petition for a Writ of Habeas Corpus in the state district court alleging ineffective assistance of counsel, and a motion to compel "*nunc pro tunc* original filing date as reflected on habeas petition" for mailing.[2] The state district court construed the ineffective assistance claims as claims against Petitioner's

---

[1] August 13, 2003 is the court filing date for Petitioner's 3.850 Motion.

[2] The court filing date for the Petition is March 28, 2005.

appellate counsel, and denied both the petition and motion, on April 15, 2005. *Love v. State*, 905 So. 2d 134 (Fla. 2d DCA 2005) [table]. Petitioner requested a rehearing which was denied on June 6, 2005.

On June 28, 2004, Petitioner filed a § 2254 Motion for habeas relief with this Court in case no. 8:04-cv-1509. Petitioner filed a motion for leave requesting his petition be held in abeyance pending a decision in state court regarding a newly discovered evidence claim. This Court denied the abeyance motion, but gave Petitioner an opportunity to abandon his unexhausted claims. Petitioner was directed to respond by November 8, 2004, but failed to comply. His § 2254 Petition was dismissed without prejudice on January 26, 2005. On June 27, 2005, Petitioner filed the instant § 2254 petition, *pro se*.

## Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief with respect to claims adjudicated on the merits in state court unless the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003).

## **DISCUSSION**

### I.   **Timeliness**

Respondents contend that instant Petition should be denied as untimely. Specifically, Respondents claim that the instant Petition – delivered for mailing on June 22, 2005 – was not filed within one year of the date that Petitioner's judgment became final (not counting the time properly filed motions for post-conviction relief were pending) as required by AEDPA. 28 U.S.C. § 2244(d)(1)(A) (one-year period for habeas petitions begins to run from the "date which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002) (AEDPA imposes one-year statute of limitations on all habeas petitions). Petitioner initially claimed that the time that elapsed between the date of the Second District Court of Appeal decision denying Petitioner's 3.850 motion, and the date of the mandate stating that his 3.850 Motion was denied should be counted as tolled. However, Petitioner concedes in his "Traverse to Respondant's [sic] Answer to Petition of Writ of Habeas Corpus" that the instant Petition, filed 373 days after judgment, is untimely. Therefore, this § 2254 Petition is time barred.

Petitioner requests equitable tolling "due to extraordinary circumstances that are both beyond his controll [sic] and unavoidable with diligence." (CV Dkt. #15 at 2.) Specifically, Petitioner states that his inability to obtain pretrial documents to prepare his 3.850 motion, including depositions, investigative reports, and the autopsy report, put him "at a grave disadvantage" and "forced [him] to forfiet [sic] six months of federal tolling time." (CV Dkt. #15 at 4.)

The Court will not grant equitable tolling in this case. Generally, AEDPA's one-year requirement can only be equitably tolled when Petitioner demonstrates diligence in his effort to file a timely habeas petition, and "extraordinary and unavoidable circumstances" that prevented Petitioner from timely filing the petition. *See Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir.2006); *Helton v. Sec'y for Dept. of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001) (*quoting Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.1999)). Petitioner bears the high burden of proving that equitable tolling should be granted. *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir.2007). The 'extraordinary circumstances' standard applies to the circumstances surrounding the filing of the habeas petition, rather than the circumstances surrounding conviction. *See Helton*, 259 F.3d at 1314-15.

Petitioner has failed to demonstrate any extraordinary circumstances which would warrant equitable tolling. Petitioner contends that the failure of the public defender's office to provide him with pretrial documents in a timely fashion caused him to lose six months of federal tolling time. However, Petitioner was not represented by the public defender's office, and therefore, the public defender could not have provided Petitioner with the documents he

requested. Further, after the court of appeals issued a mandate denying his 3.850 motion, Petitioner waited 170 days to file a state habeas petition. Thus, even if the public defender's office unreasonably delayed in responding to Petitioner, Petitioner's 170 day delay precludes a finding that he exercised the requisite due diligence for equitable tolling. However, even had the Court granted equitable tolling, the petition would be denied for the reasons stated below.

**II.     Overview of Claims:**

Petitioner's habeas petition presents three claims, two of which allege ineffective assistance contending that appellate counsel failed to:

(1)      properly challenge the trial court's decision to deny Petitioner's motion to suppress statements made to police; and

(2)      challenge the trial court's decision not to conduct a competency hearing.

In his third ground, Petitioner alleges that his constitutional rights to fairness and equal access to the court were violated when the state court denied his motion to compel *nunc pro tunc*.

Ineffective assistance of counsel claims are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 684 (1984). To establish a *prima facie* claim, Petitioner must prove that (1) counsel's performance was deficient; and (2) that the deficient performance prejudiced the Petitioner. *Id.* The *Strickland* standard defines the proper measure of attorney performance as "reasonableness under prevailing professional norms,"

but counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Deficient performance requires a showing that "in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Petitioner must show that counsel's deficient performance actually prejudiced the defense case. *Strickland*, 466 U.S. at 691-92. The Petitioner's case is prejudiced when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Even an unreasonable error by counsel does not necessitate the setting aside of a judgment if the error did not affect the judgment. *Id.* at 692. Strategic decisions rendered by counsel after a complete review of relevant laws and facts are "virtually unchallengeable." *Id.* at 690-91. Petitioner can not meet his burden by showing that counsel could have chosen a different course at trial. *White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Rather, Petitioner must show that counsel did not do what was constitutionally compelled to provide adequate counsel. *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

### III.  Procedural Bar

The Government contends that grounds one and two of Petitioner's claims are procedurally barred because Petitioner did not raise these grounds in his state petition for post-conviction relief. (CV Dkt. 8, Ex. 8-2 at 13.)

Federal habeas courts can not reach the merits of procedurally defaulted claims. *Rodwell v. Singletary*, 113 F. Supp.2d 1308 (M.D. Fla. 2000). Issues presented in a habeas corpus petition must have been presented, and exhausted in the state courts prior to being presented in a § 2254 petition. 28 U.S.C. § 2254(b)(1); *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). Exhaustion of state remedies requires that a petitioner invoke appellate review, but does not require extraordinary procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); 28 U.S.C. § 2254. A habeas petitioner seeking review of a Florida conviction is not required to seek discretionary review by the Florida Supreme Court to establish that petitioner satisfied the requirement of exhaustion of state remedies. *See Tucker v. Dept. of Corrections*, 301 F.3d 1281, 1283-84 (11th Cir. 2002).

This Court determines that although Petitioner's first and second claims were not asserted in his 3.850 motion for post-conviction relief, they were raised in his Petition for a Writ of Habeas Corpus in state court and therefore, were exhausted at the state level. *See Groover v. Singletary*, 656 So.2d 424, 425 (Fla. 1995) (finding that a habeas corpus petition is the appropriate vehicle to raise claims of ineffective assistance of appellate counsel); *Smith v. State*, 400 So.2d 956, 960 (Fla. 1981) (finding that ineffective assistance of appellate counsel claims can only be granted by writ of habeas corpus in the appellate court). Thus, these issues would be ripe for review, had this petition been timely filed. The merits are addressed below.

## IV. Grounds One and Two

Petitioner alleges that appellate counsel failed to properly challenge the trial court's decision to deny Petitioner's motion to suppress statements made to police. In support of his assertion, Petitioner argues that he was mentally incompetent, and, therefore, could not understand the rights he was waiving prior to making self-incriminating statements to police. Appellate counsel, Petitioner alleges, should have appealed the trial court's decision to deny his motion to suppress because the trial court did not order a competency hearing which was required prior to making a decision on the motion. Petitioner concedes that appellate counsel challenged the trial court's decision to deny Petitioner's motion to suppress, but argues that appellate counsel should have challenged the decision on incompetency grounds.

Petitioner's claims are legally incorrect. The trial court did not err in failing to order a competency hearing because neither party made a motion to request a competency hearing and it never appeared to the trial court that Petitioner was not mentally competent to proceed. Rule 3.210 of the Florida Rules of Criminal Procedure states:

> If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and shall order the defendant to be examined by no more than 3, nor fewer than 2, experts prior to the date of the hearing. Attorneys for the state and the defendant may be present at the examination.

On January 4, 2000, Petitioner filed a Motion to Appoint Expert with the state court in order to conduct a psychological evaluation of Petitioner. The motion was granted on

February 1, 2000. Petitioner did not file any subsequent motions requesting a competency hearing.

On June 1, 2000, Petitioner filed a Motion to Suppress Evidence to suppress statements he made to police shortly after the murder. However, Petitioner did not argue mental incompetency in support of his motion. The state court held a hearing on the motion to suppress on June 5, 2000. At the hearing, the state presented testimony of St. Petersburg Police Department Detectives James Shakas, Gary Gibson, and Ronald Noodwang, St. Petersburg Police Officer Patricia Werner and former St. Petersburg Police Department Detective Robert Moland. Although Petitioner's mental competency was not being challenged at the hearing, five of the police department employees testified that Petitioner was in possession of his mental faculties at the time he made statements to police. The Court notes that at the time of the hearing, four months had passed since Petitioner's Motion to Appoint Expert for a psychological evaluation was granted. But trial counsel chose not to call the expert to testify at the hearing. In fact, trial counsel presented no affirmative evidence of Petitioner's incompetency. Without any evidence to the contrary, the state court implicitly found Petitioner competent, and proceeded to trial.

Petitioner can not demonstrate that appellate counsel rendered deficient performance for failing to challenge the trial court's decision not to have a competency hearing because counsel had no factual or legal basis upon which to challenge the court's decision. Even if appellate counsel's performance was deficient, Petitioner can not demonstrate the second prong of *Strickland* - that the outcome of his case would have been altered - because the trial

court did not err by failing to order a competency hearing. No motion requesting a competency hearing was filed by any party, and the court did not have a reasonable basis upon which to *sua sponte* order such a hearing. *See Hodgson v. State*, 718 So.2d 330, 331 (Fla. 4d DCA 1998) (holding that the court's failure to *sua sponte* order a competency hearing was not abuse of discretion where the court did not have a motion from defense counsel, and there was nothing in defendant's conduct to suggest mental incompetency); *Watts v. Singletary*, 87 F.3d 1282, 1290 (11th Cir. 1996) (finding that a competency hearing is not necessary for the trial judge to determine competency). Because he can not prove either prong of *Strickland*, Petitioner is not entitled to relief on these grounds.

## V.     Ground Three

Petitioner alleges that his constitutional rights to fairness and equal access to the court were violated when the state court denied his motion to compel *nunc pro tunc*. In support of his claim, Petitioner states that "there is no direct evidence of the date on which petitioner's motion was received at the court, it was not stamped "filed" by the Clerk until 112 days after the time limit had run." (CV Dkt. #1 at 9B.)

The Second District Court of Appeals stated, "Petitioner's petition for writ of habeas corpus is treated as a petition alleging ineffective assistance of appellate counsel and is denied." (CV Dkt. #11, Ex. 15.) The court did not deny Petitioner's habeas petition based on an untimely filing date. Thus, even if the Second District Court stamped Petitioner's habeas petition 112 days later than it was submitted, Petitioner can not demonstrate that the court ignored the merits of his petition, or that his constitutional rights were violated.

Accordingly, Petitioner does not state grounds upon which relief can be granted.

## **CONCLUSION**

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondents, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 7, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2005\05-cv-1199.xavier love 2254.wpd