**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

XAVIER LOVE,

    Petitioner,

-vs-                                              Case No. 8:05-cv-1199-T-30EAJ

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

This matter comes before the Court for consideration of Petitioner's Motion for Extension of Time (Dkt. 23) to file a motion for rehearing; Petitioner's Motion for Expansion of Time for Filing Notice of Appeal (Dkt. 24); and Petitioner's Notice of Appeal (Dkt. 25) of the April 7, 2008 decision denying his petition for relief under 28 U.S.C. § 2254 (Dkt. 19). The Court construes the Notice of Appeal as a motion for issuance of a certificate of appealability pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. § 2253[2] (Dkt. 26).

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

Petitioner did not pay the appellate filing fee and costs or seek leave to proceed on appeal *in forma pauperis*.

Petitioner's Motion for Extension of Time (Dkt. 23) to file a motion for rehearing appears identical to Petitioner's motion for an extension of time to file a motion for rehearing (Dkt. 21) which the Court denied on May 1, 2008 (Dkt. 22). Therefore, the motion will be denied.

Petitioner filed a timely Notice of Appeal (Dkt. 25) of the April 8, 2008 judgment.[3] Therefore, his motion for an extension of time to file his Notice of Appeal is moot.

The Court denied Petitioner's claims on the merits and held that his petition was time-barred (Dkt. 19). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claim and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is time-barred and Petitioner has failed to make a sufficient showing of the "extraordinary circumstances" required to warrant equitable tolling of the limitations period, Petitioner has failed to satisfy the second prong of the *Slack* test. 529 U.S. at 484. Moreover, because Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of his claims debatable or wrong, he has failed to satisfy the first prong of the *Slack* test. 529

---

[3]This circuit generally considers § 2254 petitions and documents related thereto "filed" when a *pro se* prisoner delivers one of them to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (a notice of appeal filed by an incarcerated *pro se* litigant was deemed filed at the time the inmate relinquished control of it to prison officials). Petitioner provided his Notice of Appeal to prison officials for mailing on May 7, 2008 (Dkt. 25 at 1).

U.S. at 484. Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Motion for Extension of Time (Dkt. 23) to file a motion for rehearing is **DENIED**.

2. Petitioner's Motion for Expansion of Time for Filing Notice of Appeal (Dkt. 24) is **DENIED** as moot.

3. Petitioner's Notice of Appeal (Dkt. 25), which the Court has construed as an application for issuance of a certificate of appealability (Dkt. 26), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 19, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copy to:
*Pro Se* Petitioner
Counsel of Record

3